JEANNE A. FUGATE (SBN 236341)
 jfugate@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:	(415) 318-1200
Facsimile:	(415) 318-1300

OLIVIA RADIN (*pro hac vice submitted herewith*)
 oradin@kslaw.com
THOMAS C. CHILDS (*pro hac vice submitted herewith*)
 tchilds@kslaw.com
AMY K. NEMETZ (*pro hac vice submitted herewith*)
 anemetz@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone:	(212) 556-2100
Facsimile:	(212) 556-2222

Attorneys for Plaintiff
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>ANO TV-NOVOSTI<br><br>            Defendant. | Case No.<br><br>**PLAINTIFF GOOGLE LLC's COMPLAINT AGAINST DEFENDANT ANO TV-NOVOSTI**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMPLAINT

## COMPLAINT

Plaintiff Google LLC ("Google"), by and through its undersigned counsel, brings this action against Defendant ANO TV-Novosti ("TV-Novosti") as set forth below:

## NATURE OF THE ACTION

1. Google brings this action to enjoin TV-Novosti, a Russian entity, from enforcing a Russian court judgment (the "Russian Judgment") that TV-Novosti obtained in breach of its contractual obligations to Google. The Russian Judgment imposes a) an order of specific performance on Google, demanding that Google and its affiliates unblock TV-Novosti's YouTube channels, and b) a related financial penalty on Google and its affiliates for not complying with the Russian court's unconscionable order.

2. TV-Novosti obtained the Russian Judgment wrongfully—under a Russian law that was passed to counter U.S. and other sanctions against Russia—and is now trying to enforce it in foreign jurisdictions, causing further harm. Google seeks injunctive relief enjoining TV-Novosti from enforcing the Russian Judgment and all related appellate decisions, as well as declaratory relief that the Russian Judgment and all related appellate decisions are unenforceable against Google.

3. Google is a U.S. technology company that provides products and services to users, including free services such as the search engine Google Search, the email platform Gmail, and the video-sharing pleatform YouTube. Users with Google accounts can create YouTube channels to upload content on YouTube, including videos, comments, and playlists. They can enter into separate agreements to earn revenues, including from ad placements, on their YouTube channels ("monetization").

4. TV-Novosti is a Russian-based media company that was sanctioned by the United Kingdom and the European Union in 2022. Its Editor-in-Chief, Margarita Simonyan, is a Russian national who also was sanctioned by the United Kingdom and the European Union in 2022 and other governments.[1] TV-Novosti operates RT (formerly known as Russia Today), which is a

---

[1] Simonyan was also sanctioned by Australia, Canada, Japan, Liechtenstein, Monaco, New Zealand, and Ukraine.

COMPLAINT

1  media outlet that is also run by Simonyan and whose broadcasting channels, including RT-
2  Russia Today English and RT-Russia Today UK, among others, were sanctioned by the
3  European Union in March 2022.

4       5. On May 18, 2021, TV-Novosti created a Google Account associated with the
5  email address kingrtsnmob@gmail.com (the "Google Account"). In creating the Google
6  Account, TV-Novosti agreed to the Google Terms of Service (the "Google Terms of Service").
7  (Ex. A.) TV-Novosti created a number of YouTube Channels (the "YouTube Channels") and
8  agreed to the YouTube Terms of Service (the "YouTube Terms of Service"). The YouTube
9  Terms of Service incorporate the terms of YouTube's policies, including YouTube's Community
10 Guidelines (the "Community Guidelines"), which are a set of policies that govern the type of
11 content that is allowed on YouTube. The Google Terms of Service require all disputes arising
12 out of or relating to the Google Terms of Service to be resolved under California law in the
13 courts of Santa Clara County, California. The YouTube Terms of Service require all disputes
14 arising out of or relating to the YouTube Terms of Service to be resolved under English law in
15 the courts of England and Wales.[2]

16      6. In addition, TV-Novosti entered into a Content Hosting Services Agreement with
17 Google's Irish affiliate, Google Ireland Limited ("Google Ireland"), under which, among other
18 things, TV-Novosti agreed advertising could be placed on its content in exchange for revenues.
19 The parties agreed that the Content Hosting Services Agreement would be governed by English
20 law and agreed to resolve any dispute or claim arising out of the Agreement in London-seated
21 arbitration under the rules of the London Court of International Arbitration.[3]

22      7. TV-Novosti posted content on the YouTube Channels. On December 16, 2021,
23 Google terminated one of the YouTube Channels for violations of the YouTube Terms of
24 Service. In early March 2022, shortly after Russia's invasion of Ukraine, Google blocked access

---

[2] The YouTube Terms of Service selected England and Wales as the exclusive forum for disputes and, accordingly, are not the subject of this lawsuit.
[3] Because the YouTube Terms of Service and the Content Hosting Services Agreement selected English courts and arbitration as the exclusive forum for disputes, they are not the subject of this lawsuit.

by third parties to various YouTube channels to address the dissemination of harmful content about the war in Ukraine, including blocking access to some or all of the YouTube Channels. As a result, third parties could not access the videos on the YouTube Channels. Further, Google Ireland terminated TV-Novosti's ability to monetize the YouTube Channels under the Content Hosting Services Agreement.

8. Notwithstanding the express language of the Google Terms of Service, on May 16, 2022, TV-Novosti sued Google in Russia, using a law that was specifically designed to counter U.S. and other foreign sanctions. (Ex. B.) TV-Novosti alleged that "video hosting services on the YouTube platform are provided in accordance with the agreements posted on the Internet: the Google Terms of Service (https://policies.google.com/terms?hl=ru) and the YouTube Terms of Service (https://www.youtube.com/t/terms)" and that Google's blocking of the YouTube Channels was improper because TV-Novosti had not violated any "policies of Google and YouTube." (Ex. B at 2–3, 6.) NFPT thereby raised disputes relating to both the Google Terms of Service and the YouTube Terms of Service in Russia, even though those Terms of Service called for resolution of all disputes in, respectively, California and England.

9. TV-Novosti asked the Arbitrazh Court of the City of Moscow (the "Russian Arbitrazh Court"), a civil trial court for business disputes, to order Google to unblock the YouTube Channels. TV-Novosti further asked the Russian Arbitrazh Court to impose a compounding penalty (called an "*astreinte*" under Russian law) on Google and its affiliates if the YouTube Channels remained blocked. TV-Novosti asked that this penalty start at 100,000 rubles (approximately $1,050) per day and double each week until Google complied with the Russian Arbitrazh Court's order.

10. Even though the parties had expressly selected a forum outside Russia to resolve disputes, the Russian Arbitrazh Court asserted jurisdiction—over Google's objections—on the grounds that TV-Novosti could be prejudiced by foreign sanctions and such sanction laws are contrary to Russian public policy and should not apply to Russian entities. (Ex. C.)

11. Google objected to jurisdiction and contested TV-Novosti's claims before the Russian Arbitrazh Court to vindicate its agreed-upon rights to resolve disputes in its chosen

forum and to terminate contracts in accordance with its policies against harmful content. These efforts were brushed aside by the Russian Arbitrazh Court, which exercised jurisdiction and issued a judgment on October 11, 2022. (Ex. D.) Based on TV-Novosti's claims, the Russian Arbitrazh Court held that Google's "unilateral termination of the contracts for the provision of the Google account service and YouTube video hosting service has no valid legal basis, violates the requirements of Russian law, as well as generally recognized norms of international law, and therefore is subject to invalidation in accordance with Article 168" of the Civil Code of the Russian Federation.

12. The Russian Arbitrazh Court ordered Google to unblock user access to view the YouTube Channels and imposed TV-Novosti's requested penalty nearly verbatim on Google. This penalty continues to accrue unless and until Google unblocks TV-Novosti's accounts, which would be in direct contravention of its policies against harmful content. By issuing the Russian Judgment, the Russian courts demonstrated that they are subject to political influence and have been weaponized to support Russia's efforts to undermine U.S. sanctions. As a result, the Russian Judgment is contrary to the international legal order and subverts enforcement rules applicable in foreign jurisdictions, thereby circumventing the policies and laws of local governments as enforced through their judicial systems.

13. TV-Novosti recently initiated a lawsuit in Turkey (the "Turkish Enforcement Action") seeking to enforce the Russian Judgment and all related appellate decisions against Google, Google Ireland, and Google Russia. (Ex. E.) The Turkish Enforcement Action is an attempt to seize funds from Google through a Russian judgment obtained in violation of the binding forum-selection and choice-of-law provisions of the Google Terms of Service.

14. On information and belief, TV-Novosti plans to bring more enforcement actions in additional countries around the world. According to public reporting, TV-Novosti and two other Russian *astreinte* holders[4] plan to enforce the Russian Judgment in fifteen foreign

---

[4] Google is filing complaints against these two other companies, NAO Tsargrad Media and NO Fond Pravoslavnogo Televideniya, also seeking temporary restraining orders and preliminary injunctive relief. Google intends to file an Administrative Motion to Relate the three cases

COMPLAINT 4

jurisdictions, which will cause Google further harm in contravention of the binding provisions of the Google Terms of Service and YouTube Terms of Service.[5] In addition, TV-Novosti may file a lawsuit in Russia under a Russian law that was passed to counter the impact of sanctions, seeking an injunction to prevent Google from proceeding with this action (an "anti-suit injunction").

15. Google, an American company headquartered in this district, seeks expedited, equitable relief from this Court including, *inter alia*:

- injunctive relief enjoining enforcement of the Russian Judgment and all related appellate decisions outside Russia;
- injunctive relief enjoining TV-Novosti's efforts to obtain an anti-suit injunction in Russia relating to this lawsuit;
- declaratory relief that the forum-selection clause and choice-of-law provisions of the Google Terms of Service are valid and binding upon the parties; and
- declaratory relief that TV-Novosti breached the Google Terms of Service when it pursued claims purportedly arising under the Google Terms of Service in Russia.

16. California strongly favors enforcing presumptively valid forum-selection clauses and Google—which was wrongfully sued by TV-Novosti under the Google Terms of Service in a foreign jurisdiction—seeks protection under the laws of California, which the parties agreed would govern any dispute arising under the Google Terms of Service.[6]

**PARTIES**

17. Plaintiff Google is a Delaware limited liability company with its principal place of business in Mountain View, California.

---

because "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil Local Rule 3-12(a)(2).

[5] "A court in South Africa seized Google assets based on the decision of the ASGM," Pravo RU (June 11, 2024), https://pravo.ru/news/253511/?_x_tr_hist=true.

[6] Google and Google Ireland have brought a separate proceeding in the English courts on the basis of TV-Novosti's breach of the YouTube Terms of Service and of the Content Hosting Services Agreement, both of which require the parties to resolve any dispute arising thereunder before the Courts of England and Wales and under the laws of England and Wales.

18. Defendant TV-Novosti is a Russian media company organized under Russian law with its principal place of business in Russia. TV-Novosti was sanctioned by the EU in 2022 for "supporting a large-scale disinformation campaign to erode international support for Ukraine."[7] Around the same time, TV-Novosti was sanctioned by the United Kingdom "[a]s a major Russian media organisation which receives significant financial funding from the Government of Russia" that "obtain[ed] a benefit from . . . the Government of Russia by carrying on business as a Government of Russia-affiliated entity."[8] TV-Novosti operates various media outlets, including RT (formerly known as Russia Today) which was also sanctioned by the European Union in March 2022. TV-Novosti and RT are both run by Simonyan, who was sanctioned by, among others, the UK and the EU in 2022.

## JURISDICTION & VENUE

19. This Court has personal jurisdiction over TV-Novosti because TV-Novosti agreed to be subject to suit in this Court. TV-Novosti agreed to the Google Terms of Service, which state (in relevant part) that, "All disputes in any way relating to these terms, the additional terms of use of individual services or the services, regardless of conflict of laws rules, shall be resolved in accordance with the laws of the State of California, USA. **Such disputes are subject to the exclusive jurisdiction of the federal and state courts located in Santa Clara County, California, USA. You and Google equally consent to the personal jurisdiction of these courts.**" (Ex. A at 11 (emphasis added).)

20. To the extent necessary, TV-Novosti also has sufficient minimum contacts with California because TV-Novosti—through its litigation in Russia and Turkey—seeks to cause Google, a citizen of California, to take action within California to comply with the Russian Judgment.

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[7] Council Implementing Regulation (EU) 2023/1767 dated September 13, 2023, available at https://eur-lex.europa.eu/legal-content/EN-SL/TXT/?uri=CELEX%3A32023D1767.

[8] OFSI, *Consolidated List of Financial Sanctions Targets in the UK* (June 26, 2024), available at https://assets.publishing.service.gov.uk/media/667c1ccc4ae39c5e45fe4cd2/Russia.pdf.

1  Plaintiff is a citizen of California and Delaware, while TV-Novosti is a citizen of a foreign state,
2  Russia.
3       22.     Venue is proper in the United States District Court for the Northern District of
4  California under 28 U.S.C. 1391(b) because the Google Terms of Service provide that "[a]ll
5  disputes in any way relating to these terms . . . are subject to the exclusive jurisdiction of the
6  federal and state courts located in Santa Clara County, California," and the parties expressly
7  consented to personal jurisdiction in these courts. (*Id.* at 11.)

## FACTUAL BACKGROUND

**A.**    **TV-Novosti Obtains the Google Account and Agrees to the Google Terms of Service, and Obtains the YouTube Channels and Agrees to the YouTube Terms of Service**

23.     On May 18, 2021, TV-Novosti created the Google Account, which was associated with the email address kingrtsnmob@gmail.com. In creating the Google Account, TV-Novosti agreed to the Google Terms of Service. (*Id.*) The Google Terms of Service contained a binding choice-of-law and forum-selection clause. (*Id.* at 11.) The Google Terms of Service further established that terms would be modified or updated from time to time and that users agreed to such modifications by their continued use of Google services. (*Id.* at 12.)

24.     TV-Novosti used the Google Account to create the YouTube Channels. In creating the YouTube Channels, TV-Novosti agreed to the YouTube Terms of Service. The YouTube Terms of Service incorporate the terms of YouTube's policies, including YouTube's Community Guidelines. The YouTube Terms of Service established that terms would be modified or updated from time to time and that users agreed to such modifications by their continued use of YouTube services.

25.     At all relevant times, the Google Terms of Service contained a binding choice-of-law and forum-selection clause which stated:

> All disputes in any way relating to these terms, the additional terms of use of individual services or the services, regardless of conflict of laws rules, shall be resolved in accordance with the laws of the State of

COMPLAINT                                                         7

1 **California, USA. Such disputes are subject to the exclusive**
2 **jurisdiction of the federal and state courts located in Santa Clara**
3 **County, California, USA. You and Google equally consent to the**
4 **personal jurisdiction of these courts.**
5 (*Id.* at 11 (emphasis added).)

26. At all relevant times, the YouTube Terms of Service gave Google the right to terminate the YouTube Channels if (among other things) TV-Novosti materially or repeatedly violated the YouTube Terms of Service, including the Community Guidelines. In addition, the YouTube Terms of Service contained a binding choice-of-law and forum-selection clause, which required all disputes arising thereunder to be resolved under English law in the courts of England and Wales.

**B.   Google Exercises its Contractual Right to Block TV-Novosti's YouTube Channels for Violating the YouTube Terms of Service**

27. On December 16, 2021, Google terminated one of the YouTube Channels for violations of the YouTube Terms of Service. In early March 2022, shortly after Russia's invasion of Ukraine, Google blocked access by third parties to various YouTube channels to address the dissemination of harmful content about the war in Ukraine, including blocking access to some or all of TV-Novosti's remaining YouTube Channels. As a result, third parties could not access the videos on the YouTube Channels.

**C.   TV-Novosti's Editor-in-Chief is Sanctioned by the United Kingdom and the European Union**

28. TV-Novosti's propaganda operations have received international scrutiny, including from the U.S. Department of State which, in January 2022, described TV-Novosti's activities (including through subsidiaries, such as RT) as an effort to "amplify official government communications through one-sided reporting with the goal of influencing viewers to support the Kremlin's policies."[9]

---

[9] U.S. Dep't of State, Under Secretary for Public Diplomacy and Public Affairs, Glob. Engagement Ctr. 11 (2022).

29. On February 23, 2022, the EU sanctioned Margarita Simonyan, Editor-in-Chief of both TV-Novosti and RT, for being a "central figure of the [Russian] Government['s] propaganda" and "promoting a positive attitude to the annexation of Crimea and the actions of separatists in Donbas."[10]

30. On March 1, 2022, the EU also sanctioned TV-Novosti's media outlets, including Russia Today English, Russia Today UK, Russia Today Germany, Russia Today France, Russia Today Spanish, and Sputnik, imposing a broadcasting ban and characterizing those channels as "media outlets [that] are essential and instrumental in bringing forward and supporting the aggression against Ukraine, and for the destabilization of its neighbouring counties."[11]

31. Shortly thereafter, on March 15, 2022, the Office of Financial Sanctions Implementation of His Majesty's Treasury in the UK ("OFSI") sanctioned Simonyan based on her role in promoting propaganda of the Russian government regarding the war in Ukraine.[12]

32. The UK sanctioned TV-Novosti directly on March 31, 2022. The EU followed suit and on December 16, 2022, the EU sanctioned TV-Novosti for "consistently spread[ing] pro-Kremlin propaganda and disinformation" and "false narratives of the Russian regime to undermine Ukraine" through its media outlets and for "support[ing] Russia's war of aggression against Ukraine."[13]

**D.   TV-Novosti Files Suit in Russia, Breaching the Google Terms of Service**

33. On May 16, 2022, TV-Novosti sued Google in the Russian Arbitrazh Court. (Ex. B.) Even though Google was entitled to block third-party access to the YouTube Channels under the YouTube Terms of Service, and to demonetize the YouTube Channels under the Content Hosting Agreement, TV-Novosti still demanded that the Russian Arbitrazh Court order Google

---

[10] Council Implementing Regulation (EU) 2022/1529 dated September 14, 2022, available at https://eur-lex.europa.eu/legal-content/EN/TXT/PDF/?uri=CELEX:32022R1529.
[11] Council Amending Regulation (EU) 2022/350 dated March 1, 2022, available at https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=celex%3A32022R0350.
[12] OFSI, *Consolidated List of Financial Sanctions Targets in the UK* (June 26, 2024), https://assets.publishing.service.gov.uk/media/667c1ccc4ae39c5e45fe4cd2/Russia.pdf.
[13] Council Implementing Regulation (EU) 2023/1765 dated September 13, 2023, available at https://eur-lex.europa.eu/legal-content/EN/TXT/PDF/?uri=CELEX:32023R1765 (indicating "16.12.2022" as date of listing).

to restore full access to each of the YouTube Channels and declare Google's termination of the Content Hosting Agreement invalid. TV-Novosti raised claims under both the Google Terms of Service and the YouTube Terms of Service, even though those Terms of Service called for the resolution of all disputes in, respectively, California and England.

34. By bringing litigation in Russia that was purportedly based on the Google Terms of Service, TV-Novosti breached the binding forum-selection and choice-of-law provisions in the Google Terms of Service. TV-Novosti chose to assert (contrary to the plain language of the contract) that the Google Terms of Service governed the parties' obligations concerning the YouTube Channel; by its own admission, therefore TV-Novosti should have brought its claims before a court in Santa Clara County, California, and pursuant to California law.

35. TV-Novosti asked the Russian Arbitrazh Court for an order requiring Google to unblock third-party access to the YouTube Channels. (*Id.* at 14.) TV-Novosti also improperly named Google Russia as a defendant, even though Google Russia had no contractual relationship with TV-Novosti, did not provide the Google Account or any related services including the YouTube Channels, and did not have the legal or technical ability to restore the Google Account or the YouTube Channels. (*Id.* at 1.)

36. TV-Novosti claimed its suit was permissible under Article 248.1 of the Arbitrazh Procedural Code of the Russian Federation (the "APC"), introduced by Russian Law No. 171-FZ (hereinafter, "Article 248.1"). (Ex. F.) Article 248.1 was enacted in June 2020 to counter the impact of sanctions from "unfriendly foreign states," including the U.S. TV-Novosti relied in its claim on the UK sanctions imposed on it in March 2022 to support the Russian Arbitrazh Court's jurisdiction under Article 248.1. (Ex. B at 6–7.)

37. Article 248.1 purports to grant Russian courts "exclusive jurisdiction" over disputes involving Russian individuals subject to sanctions by foreign states, "*unless otherwise provided by . . . agreement of the parties.*" (Ex. F at 1.) The Google Terms of Service constitute such an agreement, as they provide that disputes between TV-Novosti and Google that purportedly arise under the Google Terms of Service will be heard in the courts of Santa Clara County, California. And while the Google Terms of Service permit account holders to petition

1 foreign courts only "*if* applicable local law *prevents* certain disputes from being resolved in a California court" or "*if* applicable local law *prevents* [a user's] local court from applying California law to resolve these disputes," (Ex. A at 12 (emphases added)), Article 248.1 does not "prevent" TV-Novosti from complying with the Google Terms of Service's forum-selection clause. Instead, Article 248.1 is permissive, rather than mandatory. It gives sanctioned Russian parties the option of proceeding in Russia, but does not require them to do so. Indeed, other sanctioned Russian parties have appeared in U.S. courts since.[14]

38. Nonetheless, the Russian Arbitrazh Court ignored the forum-selection and choice-of-law provisions in both the Google Terms of Service and the YouTube Terms of Service, accepted TV-Novosti's arguments, and asserted jurisdiction to hear the case under Article 248.1. (Ex. C at 2–3.) Google objected to the jurisdiction of the Russian courts. The Russian Arbitrazh Court wholly disregarded the parties' agreement to resolve all disputes in the courts of Santa Clara County, California, and ruled that foreign sanctions against Russian parties infringe on their rights and deliberately put them in an unequal position with other parties. The Russian Arbitrazh Court concluded that, as a result, TV-Novosti would not receive a fair trial outside Russia. The Russian Arbitrazh Court also ruled, without basis, that "[t]here are no forum selection clauses that prevent the Russian court from considering this dispute." (*Id.* at 2.) Without waiving jurisdictional objections, Google was forced to litigate the case to judgment before the Russian Arbitrazh Court in an effort to mitigate damages.

39. On October 11, 2022, the Russian Arbitrazh Court issued the Russian Judgment finding in favor of TV-Novosti on the merits of its claims and ordered Google to unblock the YouTube Channels. (Ex. D.) The Russian Judgment explicitly held that the Google Terms of Service and YouTube Terms of Service both governed Google's provision of YouTube video hosting services and that Google had "no valid legal basis" for the "unilateral termination" of its

---

[14] *See, e.g.*, *Schansman et al v. Sberbank of Russia PJSC et al.*, No. 1:19-cv-02985-ALC-GWG, S.D.N.Y., ECF Nos. 396–400 (notices of appearance dated July 13, 2022 on behalf of Sberbank of Russia, a sanctioned Russian entity which was designated by OFAC on February 24, 2022); *id.*, ECF Nos. 426–28 (notices of appearance dated August 30, 2022 and August 31, 2022 on behalf of VTB Bank, a sanctioned Russian entity which was also designated on February 24, 2022).

obligations under the Google Terms of Service or the YouTube Terms of Service. (*Id.* at 11.)

40. The Russian Arbitrazh Court adopted TV-Novosti's request nearly verbatim and imposed a compounding penalty in the amount of 100,000 rubles for each day of non-performance, starting from the fifth day of the effective date of the judgment, subject to a weekly twofold increase of the amount of the daily penalty. (*Id.* at 15.) The penalty was capped at 1 billion rubles for the first nine months. The court identified the penalty as an "*astreinte*" and stated that it would run until Google and its affiliates Google Ireland and OOO Google, a Russian entity currently in liquidation proceedings in Russia ("Google Russia"), complied with its order for specific performance. (*Id.* at 14-15). The Russian appellate court and the Supreme Court of Russia summarily affirmed the Russian Judgment on appeal.

41. Google did not unblock the YouTube Channels or reinstate the Content Hosting Services Agreement. Google also did not pay the *astreinte*.

### E. TV-Novosti Seeks to Enforce the Russian Judgment in Russia

42. TV-Novosti's action was a copycat claim, based on a prior action filed by NAO Tsargrad Media ("Tsargrad"). Tsargrad sued Google, Google Ireland and Google Russia in Russia in August 2020 and received a judgment with an identical *astreinte* penalty in April 2021. In early 2022, Tsargrad initiated proceedings to enforce its judgment in Russia against Google Russia, even though Google Russia was not a party to any contracts with Tsargrad and was not involved in any way in providing the services at issue to Tsargrad.

43. In enforcing the Tsargrad judgment, the Russian Federal Bailiff Service, an instrumentality of the Russian government, seized all of Google Russia's liquid assets in March 2022, causing Google Russia to become insolvent. Google Russia was subsequently declared bankrupt and is currently going through liquidation.

44. As part of Google Russia's bankruptcy proceedings, the Russian bankruptcy court appointed a bankruptcy manager or "liquidator," who is required to act as a neutral representative of creditors and the bankruptcy estate. This court-appointed bankruptcy manager, however, is represented by the same law firm that represented Tsargrad in obtaining its *astreinte* and represents Tsargrad, TV-Novosti, and other parties in the Google Russia bankruptcy and

1  other proceedings: Art de Lex.

2  45. In or around August 2023, the bankruptcy manager—represented by Art de Lex—
3  unlawfully added TV-Novosti's Russian Judgment and judgments obtained by other copycat
4  claimants to the list of highest-priority debts of Google Russia, payable ahead of Google
5  Russia's debts to employees and ordinary business creditors. And Art de Lex continues to
6  represent TV-Novosti and others in attempts to enforce the Russian Judgment against Google,
7  including outside of Russia. As of the date of this Complaint, the Google Russia bankruptcy
8  proceedings are ongoing.

**F.  TV-Novosti Seeks to Enforce the Russian Judgment Outside of Russia Against Google and its Affiliates**

46. In December 2023, TV-Novosti initiated the Turkish Enforcement Action to enforce the Russian Judgment. (Ex. E). TV-Novosti named Google, Google Ireland, and Google Russia as defendants, and named a Turkish affiliate of Google, Google Reklamcilik ve Pazarlama Ltd Sti ("Google Turkey"), as a purported "representative for defendants" even though Google Turkey is not a party to the Russian Judgment. Google has not yet been served in the Turkish Enforcement Action. The Turkish court appointed an expert panel, which in July 2024 issued a provisional report on threshold issues under local law, including whether Google Turkey could be treated as a "representative" of Google for purposes of service on Google and Google Ireland and the types of fees TV-Novosti must pay to proceed with the case. The next hearing before the Turkish court is set for November 2024.

47. Further, according to public reporting, TV-Novosti, along with two other *astreinte* holders,[15] is now seeking through its attorneys (who are, upon information and belief, Art de Lex) the recognition and enforcement of the Russian Judgment against Google in fifteen jurisdictions around the world.[16] Google is informed and believes, and on that basis alleges, that

---

[15] *See supra*, n.4. Google is filing complaints against these two other companies, also seeking temporary restraining orders and preliminary injunctive relief.

[16] "A Court in South Africa Seized Google Assets Based on the Decision of the ASGM," Pravo RU (June 11, 2024), https://pravo.ru/news/253511/?_x_tr_hist=true; "High court grants Russian Orthodox Church permission to seize Google South Africa's assets," Daily Maverick (June 12, 2024).

TV-Novosti will continue this campaign against Google in other countries and may seek an anti-suit injunction against Google from the Russian Arbitrazh Court to enjoin Google from proceeding with this lawsuit. This continued effort by TV-Novosti to pursue claims that purportedly arise under the Google Terms of Service in foreign jurisdictions will continue to harm Google by exposing it to unjustified costs and risk.

### G. Google Will Be Irreparably Harmed by TV-Novosti's Enforcement Efforts

48. Google will face irreparable harm from TV-Novosti's breach of the Google Terms of Service and its efforts to enforce the Russian Judgment and all related appellate decisions.

49. Google will continue to be denied the benefit of its contractual rights to have disputes arising under the Google Terms of Service be decided by the courts of Santa Clara County, California under California law. The purpose of the forum-selection and choice-of-law provisions in the Google Terms of Service is to ensure legal certainty and avoid politically motivated foreign tribunals from unfairly penalizing Google and its affiliates, like the Russian Arbitrazh Court did in TV-Novosti's case.

50. TV-Novosti seeks to enforce the Russian Judgment in its favor against Google in Turkey and, on information and belief, in other jurisdictions in an effort to cause Google to suffer financial harm. TV-Novosti's enforcement efforts are a direct attempt to undermine the parties' contractual promises. Through these efforts, TV-Novosti seeks to benefit from a Russian Judgment that was obtained in the first instance in violation of the Google Terms of Service and that was only possible because of Russian laws specifically designed to counter U.S. sanctions.

51. Absent an order from this Court enjoining TV-Novosti's enforcement efforts and declaring that TV-Novosti must pursue any disputes arising under the Google Terms of Service in Santa Clara County, California (as it agreed to do), Google will be forced to continue litigating TV-Novosti's claims all around the world.

52. Google consequently brings this action for breach of contract and declaratory and injunctive relief to stop TV-Novosti's improper conduct that runs counter to U.S. law and TV-Novosti's contractual obligations.

## FIRST CAUSE OF ACTION

### (Injunctive Relief – Breach of Forum-Selection Clause)

53. Google incorporates by reference all foregoing and subsequent paragraphs as though fully set forth herein.

54. TV-Novosti agreed to be bound by the Google Terms of Service which constitute a valid and binding contract between Google and TV-Novosti under California law.

55. Google timely performed, or was excused from performing, its obligations under the Google Terms of Service.

56. TV-Novosti and Google agreed to litigate all disputes arising under the Google Terms of Service in the courts of Santa Clara County, California, unless prevented from doing so under local law. The exception did not apply to TV-Novosti, because no applicable local law, including Article 248.1, prevented TV-Novosti from suing in this Court or applying California law to resolve this dispute.

57. TV-Novosti breached the Google Terms of Service by, among other things, choosing to assert claims arising thereunder before the Russian Arbitrazh Court and not the courts in Santa Clara County, California, as required by the Google Terms of Service.

58. As a direct and proximate consequence of TV-Novosti's breach, the Russian Arbitrazh Court issued the Russian Judgment, causing damage to Google in the form of unnecessary costs and fees.

59. Google continues to face further irreparable harm as a result of TV-Novosti's breach, including a compounding penalty under the Russian Judgment, and to bear other costs to enforce its rights, such as attorneys' fees and other costs of litigation both in this lawsuit and in connection with TV-Novosti's attempt to enforce the Russian Judgment in Turkey.

60. Accordingly, TV-Novosti and all of its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them should be enjoined from commencing, prosecuting, continuing, or taking any steps in or otherwise participating in any proceedings in any jurisdiction other than the federal and state courts of Santa Clara County, California or the courts of England and Wales, as called for by any applicable forum-selection

1  clauses in applicable contracts, that seek to enforce or take advantage of the Russian Judgment
2  and related appellate decisions. TV-Novosti's lawsuits in Russia and in Turkey are vexatious and
3  oppressive to Google and run counter to applicable law and TV-Novosti's contractual
4  obligations.

5  61. On information and belief, TV-Novosti may seek an anti-suit injunction against
6  Google from the Russian Arbitrazh Court in connection with this lawsuit, as permitted by Article
7  248.2 of the APC, to counter the impact of sanctions from "unfriendly" countries. This Court
8  should enjoin any attempt by TV-Novosti to obtain from the Russian Arbitrazh Court an anti-suit
9  injunction against this or any related action brought by Google. Courts of Santa Clara County,
10 California have exclusive jurisdiction under the Google Terms of Service to adjudicate the rights
11 and responsibilities of Google and TV-Novosti under that agreement. Any request for an anti-suit
12 injunction by TV-Novosti against Google before the Russian Arbitrazh Court would be a clear
13 outgrowth of TV-Novosti's punitive and extra-contractual efforts that led to the Russian
14 Judgment at issue in this case. TV-Novosti's forum shopping was designed to frustrate U.S.
15 policy and to be vexatious and oppressive to Google.

16 62. Finally, international comity will not tolerate a judgment that imposes a
17 compounding, unconscionable penalty based on the blocking of third-party access to TV-
18 Novosti's YouTube Channels.

19 **SECOND CAUSE OF ACTION**

20 **(Declaration Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201)**

21 63. Google incorporates by reference all foregoing and subsequent paragraphs as
22 though fully set forth herein.

23 64. TV-Novosti agreed to be bound by the Google Terms of Service which constitute
24 a valid and binding contract between Google and TV-Novosti under California law.

25 65. Google timely performed, or was excused from performing, its obligations under
26 the Google Terms of Service.

27 66. TV-Novosti and Google agreed to litigate all disputes arising under the Google
28 Terms of Service in the courts of Santa Clara County, California, unless prevented from doing so

1 under local law. The exception did not apply to TV-Novosti, because no applicable local law, including Article 248.1, prevented TV-Novosti from suing in this Court or applying California law to resolve this dispute.

67. TV-Novosti breached the Google Terms of Service by, among other things, choosing to assert claims arising under the Google Terms of Service before the Russian Arbitrazh Court and not courts in California, as required by the Google Terms of Service.

68. Even though the Russian Judgment was obtained in violation of the Google Terms of Service, TV-Novosti seeks to enforce the Russian Judgment against Google (and its affiliates) in Turkey.

69. There is an actual, justiciable, and substantial controversy between Google and TV-Novosti concerning their legal rights and obligations under the Google Terms of Service in Turkey and other foreign jurisdictions. A judicial determination is necessary and required at this stage to adjudicate the legal interests of the parties.

70. A declaratory judgment would serve the necessary purpose of clarifying and settling the legal relations between the parties, finalizing the controversy, and offering relief from the significant uncertainty and harm that currently exist as a result of TV-Novosti's actions in connection with obtaining and enforcing the Russian Judgment. The substantial controversy between the parties regarding these issues is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

71. Accordingly, Google respectfully requests declarations to the effect that:

    a. The forum-selection clause and choice-of-law provisions of the Google Terms of Service are valid and binding upon TV-Novosti;

    b. TV-Novosti breached the Google Terms of Service when it pursued claims purportedly arising under the Google Terms of Service in Russia;

    c. TV-Novosti was required to resolve, and must resolve, any disputes purportedly arising out of or related to the Google Terms of Service under California law in the courts of Santa Clara County, California;

1        d. TV-Novosti's pursuit of enforcement efforts, including the filing of the

2           Turkish Enforcement Action, causes further harm to Google arising from

3           Tsargrad's breach of the violated the forum-selection clause in the Google

4           Terms of Service; and

5        e. The Russian Judgment's *astreinte* is an unconscionable penalty and

6           punitive judgment, the enforcement of which would violate principles of

7           comity and due process, and is unenforceable against Google.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Google and against Defendant, as follows:

1. Declarations that:

     a. The forum-selection clause and choice-of-law provisions of the Google Terms of Service are valid and binding upon TV-Novosti;

     b. TV-Novosti breached the Google Terms of Service when it pursued claims purportedly arising under the Google Terms of Service in Russia;

     c. TV-Novosti was required to resolve, and must resolve, any disputes purportedly arising out of or related to the Google Terms of Service under California law in the courts of Santa Clara County, California;

     d. TV-Novosti's pursuit of enforcement efforts, including the filing of the Turkish Enforcement Action, causes further harm to Google arising from Tsargrad's breach of the violated the forum-selection clause in the Google Terms of Service; and

     e. The Russian Judgment's *astreinte* is an unconscionable penalty and punitive judgment, the enforcement of which would violate principles of comity and due process, and is unenforceable against Google.

2. Preliminary and permanent injunctions enjoining TV-Novosti from commencing, prosecuting, continuing, or taking any steps in or otherwise participating in any proceedings in any jurisdiction other than the federal and state courts of Santa Clara County, California or the

COMPLAINT                  18

1  courts of England and Wales, as called for by any applicable forum-selection clauses in
2  applicable contracts, that seek to enforce or take advantage of the Russian Judgment and all
3  related appellate decisions against Google and its affiliates;
4    3. Preliminary and permanent injunctions enjoining TV-Novosti from commencing,
5  prosecuting, continuing, or taking any steps in or otherwise participating in any proceedings in
6  the Russian Federation intended to restrain or impede Google's pursuit of this action;
7    4. Damages caused by TV-Novosti's breach of the Google Terms of Service's
8  forum-selection clause;
9    5. Attorneys' fees and costs; and
10   6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Google respectfully requests a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable in this action.

Dated: August 19, 2024     KING & SPALDING LLP

            By: */s/ Jeanne A. Fugate*
              OLIVIA A. RADIN
              JEANNE A. FUGATE
              THOMAS C. CHILDS
              AMY K. NEMETZ

            Attorneys for Plaintiff GOOGLE LLC